# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

ARTHUR LEE DUKES,

    Petitioner,

v.                                                 Case No:  5:18-cv-375-TPB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER DISMISSING PETITION WITH PREJUDICE

**I.   Status**

Petitioner, Arthur Lee Dukes, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (Doc. 1).  Petitioner challenges a state court (Marion County, Florida) judgment of conviction for which he is serving a life term of incarceration.  (*Id*. at 1). Respondents filed a Response, asserting this action is untimely filed and requesting dismissal of this case with prejudice.[1]  (Doc. 14).  Petitioner replied, arguing that he is entitled to equitable tolling.  (Doc. 20).  This case is ripe for review.

**II.   One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III.   Analysis

On September 13, 2012, a jury found Petitioner guilty of first-degree murder. (Resp. Ex. B at 1110).  The trial court sentenced Petitioner to a life term of

incarceration, and Petitioner, with help from appellate counsel, sought a direct appeal. (Resp. Ex. D). On February 4, 2014, the Fifth District Court of Appeal per curiam affirmed Petitioner's judgment and conviction without a written opinion. (Resp. Ex. F). Petitioner's judgment and sentence became final ninety days later, May 5, 2014. *See Clay v. United States*, 537 U.S. 522 (2003); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). His one-year federal habeas statute of limitations began to run the next day, May 6, 2014.

Petitioner's one-year limitations period ran for 332 days until it was tolled on April 3, 2015, when Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion. (Resp. Ex. G). The trial court denied Petitioner's Rule 3.800(a) motion on May 29, 2015. (Resp. Ex. H). Petitioner did not appeal the trial court's denial, and thus Petitioner's one-year statute of limitations remained tolled until the time to file a notice of appeal expired on Monday, June 29, 2015.[2] Petitioner's one-year limitations period resumed the next day, June 30, 2015, and expired 33 days later, on Monday, August 3, 2015,[3] without Petitioner filing another motion in state court

---

[2] The 30th day fell on Sunday, June 28, 2015, so Petitioner had until Monday, June 29, 2015, to file a notice of appeal.
[3] The 33rd day fell on a Sunday, so Petitioner had until Monday to file a federal habeas petition.

that would properly toll his one-year period. Petitioner filed the Petition two years and eleven months later on July 17, 2018.

On January 1, 2016, 157 days after the expiration of his one-year AEDPA statute of limitations, Petitioner filed a motion under Florida Rule of Criminal Procedure 3.850. (Resp. Ex. I). However, because there was no time left to toll, Petitioner's Rule 3.850 motion did not toll his federal limitations period. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Thus, the Petition is untimely filed.

In his Reply, Petitioner admits that his Petition is untimely filed, but argues he is entitled to equitable tolling. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting the Eleventh Circuit "held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

According to Petitioner, he was prevented from timely filing his Petition because he was denied access to a prison law clerk, he was transferred between prison facilities, and he did not have access to his trial transcripts between August 2014 and August 10, 2015.  *See generally* (Doc. 20).  In support of his argument, Petitioner attaches several grievances he filed with the Florida Department of Corrections requesting copies of his court documents. *See generally* (*id*. at 9-13).

Upon review of the record and considering Petitioner's extreme delay in filing the Petition, this Court finds Petitioner's argument about his lack of legal resources to be unavailing.  *See Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely; "restricted access to a law library, lock-downs, and solitary confinement," as well as "lack of legal training" and "inability to obtain appointed counsel" seldom qualify as circumstances warranting equitable tolling); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (finding that an inmate's "transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances"); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Perry v. Sec'y, Dep't of Corr.*, No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *3 (M.D. Fla. Jan. 28, 2016) (unpublished) (acknowledging that "[f]actors such as a lack of access to a law library, lack of legal papers, ignorance of the law, lack of education, and pro se status are not considered extraordinary circumstances that would excuse an untimely habeas petition" (citations omitted)).

Further, while Petitioner presents some evidence that he sought to obtain his legal documents from the law library, Petitioner submitted his first request on May 10, 2015, less than three months before his one-year expired. (Doc. 20 at 9). He claims that he finally received his documents on August 10, 2015, yet after his receipt, Petitioner waited another 150 days before he filed his Rule 3.850 motion. Such evidence does not show the diligence necessary for equitable tolling. And Petitioner does not assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED WITH PREJUDICE**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of August, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C:  Arthur Lee Dukes, #631178
    Carmen F. Corrente, Esquire

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.